IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**KENNETH L. MANNING,**

 **Plaintiff,**

**v.**          **CASE NO. 5:10-cv-00215**

**UNITED STATES OF AMERICA,**

 **Defendant.**

**PROTECTIVE ORDER**

By signing this Protective Order, the parties have agreed to be bound by its terms and to request its entry by the presiding district or magistrate judge. It is hereby **ORDERED** as follows:

**I.** **DISCOVERY PHASE**

 A. If a party or an attorney for a party has a good faith belief that certain documents or other materials (including digital information) subject to disclosure pursuant to a discovery or other request, are confidential and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall mark each such document or other material as "**CONFIDENTIAL**."

 B. If a party or an attorney for a party disputes whether a document or other material should be marked **"CONFIDENTIAL,"** the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the "**CONFIDENTIAL**" designation shall do so by filing an appropriate motion.

C. No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material which is marked **"CONFIDENTIAL,"** or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

D. Any document or other material which is marked **"CONFIDENTIAL,"** or the contents thereof, may be used by a party, or a party's attorney, expert witness, consultant, or other person to whom disclosure is made, only for the purpose of this action. Nothing contained in this Protective Order shall prevent the use of any document or other material which is marked **"CONFIDENTIAL,"** or the contents thereof, at any discovery deposition taken in this action.

E. If a party or attorney wishes to disclose any document or other material which is marked **"CONFIDENTIAL,"** or the contents thereof, to any person actively engaged in working on this action (e.g., expert witness, paralegal, associate, consultant), the person making the disclosure shall do the following:

1. Provide a copy of this Protective Order to the person to whom the disclosure is made;

2. Inform the person to whom disclosure is made that s/he is bound by this Protective Order;

3. Require the person to whom disclosure is made to sign an acknowledgment and receipt of this Protective Order;

4. Instruct the person to whom disclosure is made to return any document or other material which is marked **"CONFIDENTIAL,"** at the conclusion of the case, including notes or memoranda made from **"CONFIDENTIAL,"** material;

5. Maintain a list of persons to whom disclosure was made and the **"CONFIDENTIAL,"** materials which were disclosed to that person; and

6. At the conclusion of the action, gather the **"CONFIDENTIAL,"** materials, copies thereof, and related notes and memoranda, and return them to the party or attorney who originally disclosed them, with a certificate of compliance with the terms of this Protective Order.

## II. POST-DISCOVERY PHASE

If any party or attorney wishes to file, or use as an exhibit or as evidence at a hearing or trial, any **"CONFIDENTIAL,"** document or material, s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then attempt to resolve the matter of continued confidentiality by either (a) removing the **"CONFIDENTIAL,"** marking, or (b) creating a mutually acceptable redacted version that suffices for purposes of the case. If any amicable resolution proves unsuccessful, the parties and/or attorneys may present the issue to the court for resolution. The proponent of continued confidentiality will have the burden of persuasion that the document or material should be withheld from the public record in accordance with (a) Local Rule of Civil Procedure 26.4, (b) the *Administrative Procedures for Electronic Filing in the Southern District of West Virginia* §11, and (c) controlling precedent. *See, e.g., Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8-9

(1986); *Virginia Dept. of State Police v. Washington Post,* 386 F. 3d 567, 575 (4th Cir. 2004).

**ENTER:   December 20, 2010**

*[signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

Order seen and approved by:

<u>s/Sprague W. Hazard</u>
SPRAGUE W. HAZARD:  1651
Law Office of Sprague W.
Hazard, L.C.
900 Lee Street East
Suite 915
Charleston, WV  25301
Phone:  304-345-6761
Fax:  304-345-6764
E-mail:  swhazard@msn.com
*Counsel for Plaintiff*

<u>s/Stephen M. Horn</u>
STEPHEN M. HORN:  1788
Attorney for United States
U. S. Attorney's Office
P. O. Box 1713
Charleston, WV  25326
Phone:  304-345-2200
Fax:  304-347-5443
E-mail:  steve.horn@usdoj.gov
*Counsel for United States*